UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　v.<br>JOE TORRES, JR.,<br>　　　　Defendant. | Case No.  5:10-cr-00287-EJD<br><br>**ORDER DENYING MOTION TO STAY**<br><br>Re: Dkt. No. 36 |

On May 20, 2010, Defendant Joe Torres, Jr. ("Defendant") pleaded guilty pursuant to a written plea agreement to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Defendant was thereafter sentenced to a custodial term of 110 months and three years of supervised release. Judgment was entered accordingly on November 17, 2010. Defendant has now filed a petition to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 in which he contends, based on the United States Supreme Court's opinion in Johnson v. United States, 135 S. Ct. 2551 (2015), that his sentence violates due process guarantees because a prior conviction no longer qualifies as a crime of violence under the residual clause of the Career Offender Guideline, U.S.S.G. § 4B1.2(a)(2).

Presently before the court is the Government's motion to stay the § 2255 petition pending the Supreme Court's decision in another case, namely Beckles v. United States, No. 15-8544. Dkt. No. 36. Defendant opposes the motion. Having carefully considered the pleadings filed by the parties, the court finds, concludes and orders as follows:

1.   The district court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and

1

effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). Using this power, one case may be stayed in favor of another. Leyva v. Certified Grocers of Cal., Ltd., 593 F.2d 857, 863-64 (9th Cir. 1997) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court.").

2. In order to determine whether a stay should be implemented, various interests must be considered: (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962) (citing Landis, 299 U.S. at 254-55). Whether to grant a stay request is a matter entrusted to the discretion of the district court. See Landis, 299 U.S. at 254 ("How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.").

3. When weighing the relevant interests, the court must be mindful that "if there is even a fair possibility that the stay for which he prays will work damage to someone else," the moving party "must make out a clear case of hardship or inequity in being required to go forward." Id. at 255. Indeed, "[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." Id.

4. Furthermore, with respect to habeas matters, the court recognizes that petitions for such relief "implicate special considerations that place unique limits on a district court's authority to stay a case in the interests of judicial economy." Yong v. INS, 208 F.3d 1116, 1120 (9th Cir. 2000). "A district court is explicitly directed to 'summarily hear and determine the facts, and

Case 5:10-cr-00287-EJD   Document 40   Filed 09/01/16   Page 3 of 3

dispose of [a habeas petition] as law and justice require.'" Id. (quoting 28 U.S.C. § 2243). Not doing so threatens to reduce habeas petitions to a "sham." Id. (citing Jones v. Shell, 572 F.2d 1278, 1280 (8th Cir. 1978)). "A long stay [] threatens to create the perception that courts are more concerned with efficient trial management than with the vindication of constitutional rights." Id.

5. Here, Defendant has shown a "fair possibility" of damage from a stay of his § 2255 petition, even if the Court decides Beckles sometime in the coming year. Defendant argues that, without the enhancement for his prior conviction, the applicable guideline range is 77 to 96 months. Were he to receive a sentence in the middle of that range and credited for "good time," he would have already overserved the modified sentence.

6. For its part, the Government has not made out a clear case of hardship in response. The Government argues that a stay during the pendency of Beckles will promote efficiency because the court may deny the § 2255 petition as untimely if the Court holds that Johnson does not apply retroactively. Alternatively, the court may reactivate the petition and decide it on its merits if Johnson is found to apply retroactively without the delay caused by awaiting a remand from the Court of Appeals. But this argument, focused solely on efficient case management, is an unconvincing basis for a stay under these circumstances, and is far outweighed by the constitutional magnitude of Defendants' arguments in support of habeas relief.

Accordingly, for the reasons explained, the Government's motion to stay the § 2255 petition (Dkt. No. 36) is DENIED.

**IT IS SO ORDERED.**

Dated: September 1, 2016



EDWARD J. DAVILA
United States District Judge

3

Case No.: 5:10-cr-00287-EJD
ORDER DENYING MOTION TO STAY


dispose of [a habeas petition] as law and justice require.'" Id. (quoting 28 U.S.C. § 2243). Not doing so threatens to reduce habeas petitions to a "sham." Id. (citing Jones v. Shell, 572 F.2d 1278, 1280 (8th Cir. 1978)). "A long stay [] threatens to create the perception that courts are more concerned with efficient trial management than with the vindication of constitutional rights." Id.

5. Here, Defendant has shown a "fair possibility" of damage from a stay of his § 2255 petition, even if the Court decides Beckles sometime in the coming year. Defendant argues that, without the enhancement for his prior conviction, the applicable guideline range is 77 to 96 months. Were he to receive a sentence in the middle of that range and credited for "good time," he would have already overserved the modified sentence.

6. For its part, the Government has not made out a clear case of hardship in response. The Government argues that a stay during the pendency of Beckles will promote efficiency because the court may deny the § 2255 petition as untimely if the Court holds that Johnson does not apply retroactively. Alternatively, the court may reactivate the petition and decide it on its merits if Johnson is found to apply retroactively without the delay caused by awaiting a remand from the Court of Appeals. But this argument, focused solely on efficient case management, is an unconvincing basis for a stay under these circumstances, and is far outweighed by the constitutional magnitude of Defendants' arguments in support of habeas relief.

Accordingly, for the reasons explained, the Government's motion to stay the § 2255 petition (Dkt. No. 36) is DENIED.

**IT IS SO ORDERED.**

Dated: September 1, 2016



EDWARD J. DAVILA
United States District Judge